Parker C. J.
drew up the opinion of the Court. The question is, whether the property in the shares passed from Winthrop Sargent to the plaintiffs by the deed of assignment made on the 5th of January, 1829, and by the delivery over to the plaintiffs of the certificates of the shares. This assignment we take to have been bona fide and for a valuable consideración. The attachment was made on the 6th of January, and must therefore fail if the assignment is valid. That the assignment is good in equity, cannot be disputed. This point is settled in the case of Quiner v. Marblehead Social Ins. Co. 10 Mass. R. 476, and in the case of Nesmith v. Washington Bank, 6 Pick. 324. Under this assignment the officers of the corporation would have been obliged to enter the transfer on their books and issue certificates of the shares to the assignee. The property was equitably, if not legally, out of W. Sargent at the *208 time of the attachment, and was vested in the plaintiffs. This ’nterest ln the funds of the company, as represented by the certificate of shares, is something more than a chose in action,[1] for the transfer of it by deed or by any valid assignment, is a transfer of the interest and property itself, and being completed by a record in the books of the corporation, all right of the former owner is extinguished, and the purchaser is substituted as the owner.
But the by-laws provide that all transfers shall be made in a book to be kept by the treasurer for that purpose, and according to a particular form therein prescribed. This is not essential to the passing of the property as between the parties, or against creditors, if the assignment is not fraudulent. It was an arrangement of the corporation for their own convenience, and is so far binding upon purchasers, that they cannot compel any payment of dividends, or insist upon certificates, without applying to have a transfer made conformably to the by-laws. Neither the act of incorporation, nor any other statute, requires that an assignment shall be recorded, in order to give it validity. Certainly the purchaser of shares, perhaps at a distance from the books of the company, shall have a reasonable time to apply to the office to procure a registry of the transfer; and yet this attachment was made the very next day after the assignment was made. It is true that no application was made to the treasurer by the plaintiffs until a fortnight after the assignment was made, but this could not be important except as evidence of fraud.
In the case of Sargent et al. v. The Franklin Ins. Co. 8 Pick. 90, an assignment by a stockholder was held to pass the property in the shares, although there had been no transfer entered in the books according to a by-law similar to that in the presént case.[1]

 See Harris v. Stevens, 7 N. Hamp. R. 456.

 See U. States v. Cutts, 1 Sumner, 133; Bank of Utica v. Smalley, 2 Cowen, 770; Union Bank of Georgetown v. Laird, 2 Wheaton, 390. But see Northrop v. Newtown &c. Turnpike, 3 Connect. R. 544 ; Northrop v. Curtis, 5 Connect. R. 246; Marlborough Manuf. Co. v. Smith, 2 Connect. R. 579; Oxford Turn pike v Bunnel, 6 Connect. R. 552.