## DANIEL W. BOND *vs.* MOUNT HOPE IRON COMPANY.

A. owned twenty shares in the stock of a corporation, the certificate of which stood in his name, and fifty shares, the certificate of which stood in the individual name of B., the president of the corporation, as collateral security for A.'s promissory note; both certificates expressed to be transferable by A. and B. respectively, "on producing this certificate," and to be subject to a by-law which prescribed conditions precedent to any sale of the stock. After complying with the by-law, A. sold the seventy shares to C., to whom he gave an assignment of the twenty shares on the back of the certificate thereof, and a separate assignment of the fifty shares subject to B.'s claim. C. paid A.'s note to B.'s clerk, who receipted in B.'s name for the payment on the back of the certificate of fifty shares, and gave it up, with A.'s note, to C., all in the presence and with the knowledge of the treasurer of the corporation, of whom C., having both certificates and assignments with him, asked a transfer of the seventy shares and the issue of new certificates thereof in C.'s name. This the treasurer refused, on the sole ground that A. had not complied with the by-law; but afterwards took from C. copies of the two assignments, and promised to send him new certificates at the end of a week. Not having then received them, B. wrote to the treasurer, again demanding a transfer and new certificates; and, receiving no reply, sued the corporation for conversion of the shares, waiving all his own claim or right therein and offering to transfer the same to the corporation. *Held,* that C. might maintain the action; that it was immaterial that B. was sick at the time of C.'s demands and until after the bringing of the action, and so could not sign any transfer or certificates; and that it was also immaterial that C. did not leave the old certificates with the treasurer, if copies of the assignments were all that the treasurer required of him.

TORT, with a count in contract, for the conversion of seventy shares in the capital stock of· the defendant corporation.

At the trial in the superior court, before *Vose,* J., there was evidence tending to show that George W. Bond, a brother of the plaintiff, owned the seventy shares, in two lots, one of twenty shares, (for which he held the certificate in his own name,) the other of fifty shares, which he had pledged to Albert Field to secure the payment of a note for upwards of $6000, (the certificate of which stood in the name of Field, who was the president of the corporation, as collateral security, and was so expressed on its face) ; that the plaintiff bought all these shares from George W. Bond, who indorsed upon the back of the certificate of the twenty shares a formal assignment of all his right, title and interest therein to the plaintiff, and executed a separate assignment to the plaintiff of all his right, title and interest in the fifty shares, describing them by their numbers, setting forth

fully the pledge of them to Field, and reciting that the assign-ment was made subject to Field's claim. It further appeared that the certificates were expressed to be transferable by George W. Bond and by Field respectively, "on producing this cer-tificate," and to be "subject to such conditions as are im-posed by the by-laws of the company," the ninth article of which was as follows : " When any member of this corporation shall be desirous of selling any of his shares, he shall first offer the same to the directors of this company at the lowest price at which he will sell said shares ; and if the company shall pay to him such price he shall thereupon sell and transfer said shares to the company or to whomsoever they may elect to receive the same ; provided that if the company shall neglect to take and pay for said shares within six days after such offer, then they may be disposed of to any person, and no shares shall be trans-ferred until the requirements of this by-law have been complied with." The other material facts are stated in the opinion.

The plaintiff waived all his claim or right in the seventy shares, and offered to transfer the same to the company. The judge ruled that the measure of damages was the value of the stock ; and directed a verdict for the plaintiff for $10,782.80, being the amount of such value at the time of the alleged con-version, (assessed by an auditor whose finding was not disputed by either party,) with interest from that time. The defendants alleged exceptions.

*T. Weston, Jr.,* for the defendants.

*W. Allen & D. W. Bond,* for the plaintiff.

CHAPMAN, C. J. The plaintiff was possessed of a certificate for twenty shares of the defendants' stock, duly assigned to him by a writing on the back of the same. He had also an assign-ment of fifty shares, which stood in the name of Albert Field, the president of the corporation, as collateral security for the payment of a note. He paid the note and took it up ; and a receipt for the payment was written by Field's clerk in Field's name on the back of the certificate, which, with the note, the clerk delivered to the plaintiff. The treasurer of the corporation was present at the payment, and knew the facts. The plaintiff

Bond *v.* Mount Hope Iron Company.

having the papers with him, demanded a transfer and certificates made to him. This was refused by the treasurer, solely on the ground that the ninth by-law of the corporation had not been complied with.

The plaintiff contends, 1, that this by-law is invalid; 2, that it had been complied with, some time before, by an offer of the owner to sell the stock to them, and their refusal to purchase it. We think the correspondence between George W. Bond, the owner, and Job M. Leonard, the defendants' treasurer, shows that the by-law had been complied with. Therefore the question of its validity has become immaterial.

The defendants now contend that they were not bound to make the transfer, because Mr. Field, their president, was sick at the time of the plaintiff's demand and until after the action was brought, and could not sign a certificate. But their refusal was put on the sole ground that the by-law had not been complied with; and therefore the alleged sickness of the president is immaterial.

They also say that the plaintiff did not leave his certificates with the treasurer when he demanded his stock. But he had them with him, and gave the treasurer copies of his transfers, which was all that he required, and he still refused to make the transfer, on the sole ground that the by-law had not been complied with.

They say further that the plaintiff consented to a delay until the next week. But he did this upon the promise of the treasurer to send him the certificates at that time. The certificates were not sent, and no reply was made to his subsequent letter asking for a transfer. They cannot therefore justly contend that his consent to this delay was a waiver of his rights. He has made a proper demand, and it has been refused on a ground which was invalid. The stock having been unjustly withheld, he is entitled to recover its value          *Exceptions overruled.*