# RUDOLPH SPRECKELS v. WALTER M. GIFFARD.

## APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JUNE 30, 1896.            DECIDED JULY 22, 1896.

### JUDD, C.J., FREAR AND WHITING, JJ.

Quaere, whether a corporation or its officers may be compelled to record a transfer of stock as a pledge, but held that the right, if any, to refuse to so record the transfer was waived in this case.

In a suit to compel the registry of a pledge of stock, a former pledgee who has assigned his pledge and no longer claims any interest in the stock as a pledgee is not a necessary party, although the record of his pledge is still on the books of the corporation.

So also in such suit, where the certificate of stock and the books of the corporation indicate that the plaintiff is the owner of the stock, one who claims to be the owner but who refuses to state his grounds therefor, and who is not interpleaded, need not be made a party.

Such suit may be instituted by either pledgor or pledgee after proper demand, and without first satisfying the corporation or its officers that pledgor and pledgee are in accord as to the form of the record.

Where such suit is brought by the pledgor after proper demand, a special replication setting up a subsequent similar demand by the pledgee is improper.

A witness summoned by subpoena regular on its face, but who refuses to attend on the ground that no hearing had been set for the day on which he was summoned to appear, may be brought in by attachment.

A decree will not be reversed or a new trial ordered for matters not prejudicial to the appellant.

This is an appeal from a decree in equity ordering the defendant, as Secretary of the Paauhau Plantation Company, a Hawaiian corporation, to record in the books of the corporation a transfer by way of pledge of 2500 shares of the stock of the corporation from the plaintiff to Messrs. Allen & Lewis, of San Francisco.

The arguments for the defendant will be considered in order.

1.  That the corporation or its officers cannot be required to record a transfer as a pledge. We know of no judicial decision upon this question. (*Queen v. Gen. Cemetery Co.*, 6 Ell. & Bl. 415, is materially different from this case.) To judge from the opinions of some text writers, it would seem that the question is an open one and that its solution may depend somewhat upon custom. See Lowell, Transfer of Stock, p. 86; Cook, Stock and Stockholders, Secs. 245, 397. In this case it was shown in evidence to be the general custom of corporations in these islands to record pledges as such, and a transfer of the stock in question had previously been recorded as a pledge on the books of this corporation. This seems to be a reasonable custom, and no especial objection to recording the transfer as a pledge is shown in this instance. However, we need not decide now that a transfer by way of pledge may always be required to be recorded as such. The right, if any, to object to making such a record may be waived and we think it has been waived in this case. So far as the form of the record is concerned, the defendant, both previous to the suit and in his answer, assumed the position of a disinterested party willing to record the transfer as a pledge if both parties so desired. He should not be allowed to assume a different position afterwards unless at least good reason is shown therefor. See *Bond v. Mt. Hope Iron Co.*, 99 Mass. 505.

2.  That Claus Spreckels is a necessary party. There appears on the books of the corporation a record of a pledge of the stock in question to Claus Spreckels. We need not consider

whether a second pledge may be required to be recorded, even if a first pledge may be, for it is proved by ample and undisputed evidence that Claus Spreckels had assigned and delivered the stock and his contract of pledge to the Nevada Bank of California, which had in turn assigned and delivered the contract and stock to Allen & Lewis with the consent of the plaintiff. This contract and the assignments of Claus Spreckels and the Nevada Bank were produced and the signature of Claus Spreckels to his assignment was proved. The certificates of stock, which also were produced, are in the name of the plaintiff and endorsed in blank by him. The contract and certificates came from the custody of Allen & Lewis. It also appears affirmatively that Claus Spreckels does not now claim any interest in the stock as pledgee. A person is not a necessary party to a proceeding of this nature from the mere fact that he has previously been a holder of the stock. See *Tregear v. Etiwanda Water Co.*, 76 Cal. 537.

Claus Spreckels notified the corporation that he is "the owner of five thousand shares of the capital stock of the Paauhau Plantation Company, in which Rudolph Spreckels asserts and claims some title or property." This notice sets forth no ground whatever for the claim of ownership, and Claus Spreckels himself refused to appear when summoned before a commissioner in San Francisco appointed in this case to take his testimony in regard to his claim or title, if any, to the stock. As above stated, the certificates are in the name of the plaintiff; the stock also stands in his name as owner on the books of the corporation. The defendant did not interplead Claus Spreckels. Under all these circumstances, the court was not obliged to require him to be made a party.

3. That the transferror and transferree were not in accord as to the form of the record when the suit was brought or that, at least, if they were, the defendant had no notice thereof. Either the transferror or the transferree may apply for and compel a record of the transfer. If they make application for materially different forms of record and there is a serious ques-

tion as to the proper course to pursue, it is not only the right, but it may be the duty, of the officer to leave the parties to settle their differences in court. But even in such case, either of the parties may after proper demand institute a suit against the officer to compel him to record the transfer, and the proper course then is, not to ask to have the bill dismissed because the parties are not in accord, but to interplead and ask that the parties be required to contest the matter between themselves. In this case, the transferror demanded a record of the transfer as a pledge and, upon defendant's refusal to comply with the demand on the ground that the parties were not in accord, instituted this suit. This he was entitled to do. If he could, by reasonable effort before suit, have satisfied the defendant that the parties were in accord, and failed to do so, he might be required to pay the costs of suit but the suit would not on that account be dismissed. The latter result would not necessarily follow even if the parties were not in accord up to the time of final decree. There were introduced in evidence in this case letters of the transferrees themselves, written after suit was brought, demanding that the transfer be recorded as a pledge. This evidence was admissible, not for the purpose of showing a demand (the demand which was made by the transferror alone before suit having been sufficient) but to show the consent of the transferrees to the form of record demanded, and thus render it unnecessary for the court to decide as between the transferror and transferrees whether the record should be absolute in form or by way of pledge and perhaps also obviate the necessity of formally making the transferrees parties of record. In this view of the case it was immaterial, except as to the question of costs, whether the parties to the pledge were in fact in accord before the commencement of the suit or whether, if so, the defendant knew it.

4. That the special replication setting up a demand by the pledgees similar to that of the pledgor after the commencement of the suit was improper. It is contended that this matter should have been set up, if at all, by supplemental bill. The argument

is that if the special replication should be struck out, the evidence of the transferrees' demand would also have to be struck out, for the reason that, as contended, there would then be no allegation in the pleadings under which such evidence would be admissible. But, as has been stated, evidence of this demand was admissible for other reasons, and therefore the defendant was not prejudiced by the special replication. As a matter of correct practice the special replication was, in our opinion, unnecessary and should not have been allowed.

5. That the testimony of W. G. Irwin should not be considered, because it was forced from him by void process. Mr. Irwin was summoned as a witness for the plaintiff by a subpoena regular on its face, but on advice of counsel did not appear because, as is contended, the day upon which he was summoned to appear had not been set for hearing. Thereupon, at the instance of plaintiff's counsel, he was brought in by attachment and compelled, against objection, to give his testimony. As to the validity of the attachment, that is a matter that concerns Mr. Irwin rather than the defendant, but we may state for guidance in the future that in our opinion, even though no hearing has been set, a witness duly subpoenaed should appear and then state his objections, if any, to being examined. If he fails to appear, he may according to the circumstances be brought in at once by attachment or required to show cause why he should not be attached. As to the admission of Mr. Irwin's testimony, assuming that no hearing had been set, we think that the defendant was not prejudiced thereby, for the facts testified to by this witness were fully proved by the testimony of other witnesses. This being an appeal in equity, the appellate court may consider the whole case on its merits.

The decree appealed from is affirmed.

*Hartwell, Thurston & Stanley,* for plaintiff.

*Kinney & Ballou,* for defendant.