May Term,
1859.

HELM
v.
SWIGGETT.

———————·—●◦●—·———————

HELM, PRESIDENT, &c., and Another *v.* SWIGGETT.

An action for damages lies against a corporation for refusing to permit a transfer of stock.

Perhaps a mandamus would lie.

Under the statute regulating "the business of general banking" (1 R. S. p. 152), a bank cannot set up, in defense of a suit to compel the transfer of

stock, or for damages, that the assignment of the certificate of stock was
for an illegal consideration, if the bank has no claim upon the stock for debts
due from the assignor.

Ownership of a certificate of stock in a bank does not constitute the owner
a stockholder, without the transfer of the stock to him on the books of the
bank.

May Term,
**1859.**

HELM
v.
SWIGGETT.

APPEAL from the *Fayette* Circuit Court. .

PERKINS, J.—This was a suit against the *Fayette County Bank*, of which *Meredith Helm* was president, to recover the value of two shares of stock in said bank, which the bank refused to permit the transfer of to the purchaser. The suit was by the second assignee of the certificate for said shares. One *Ross*, the first assignor, was made a party defendant, with the bank.

*Thursday, May 26.*

The certificate stated that *Ross* was the owner of two shares of stock, fully paid out, &c., and that the same were transferable only on the books of the said bank, in person or by attorney, on surrender of the certificate. This provision was in accordance with the charter and by-laws of said bank. See 1 R. S. p. 157.

The complaint alleged the facts of the ownership, the assignments, &c., of the certificate, the demand of the transfer of the stock, the refusal, &c., to the damage of the plaintiff of 250 dollars, and concluded with the prayer for judgment for the 250 dollars, or that the defendant transfer the stock.

No motion was made to strike out either alternative of the prayer of the complaint.

An action for damages lies against a corporation for refusing to permit a transfer of stock. Ang. and Ames on Corp. 327. Perhaps a mandamus will lie. Redf. on Railw. 62.

The two main grounds of defense, taken by the bank, were—

1. That the assignment of the certificate by *Ross*, the first assignor, to one *Banes*, the first assignee, was for an illegal consideration.

2. That *Banes* was a debtor to the bank, and that the bank had a lien upon the stock for his indebtedness.

The first ground is entirely untenable. It was no concern of the bank whether *Ross* transferred the certificate for any, and if so, for what, consideration. If the bank had no claim upon the stock of *Ross* for debts due from him, it was not for her to assume a guardianship over his disposal of it.

If *Ross* desired to prevent the transfer of the stock, by the attorney authorized in the assignments to make it, he should have taken the proper legal steps to restrain such transfer.

The second ground is equally untenable. Conceding, for the argument of this case, that the bank had a lien upon the stock for the debts of the stockholder to the bank, and might refuse to permit a transfer of his stock till such debts were paid; still, it will not aid the defense, for *Banes*, the intermediate owner of the certificate, was not a stockholder. Ownership, simply, of a certificate of stock in the bank, did not constitute the owner a stockholder. It required the transfer of the stock to him upon the books of the bank. *Coleman* v. *Spencer*, 5 Blackf. 197.—*The New Albany, &c., Co.* v. *McCormick*, 10 Ind. R. 499. See *Downer* v. *The Zanesville Bank*, Wright (O.), 477.

Here *Ross*, the owner of the certificate, assigned it, accompanied by a power of attorney to a person named, to transfer the stock upon the books of the bank, to the holder of the certificate. He delivered the certificate to *Banes*. *Banes* then sold, assigned, and delivered the certificate to the plaintiff. The plaintiff called upon the attorney named to transfer the stock; he was ready to make the transfer; the bank refused to permit it, because *Banes*, who had owned the certificate, was a debtor to the bank. But he was not a stockholder, and the bank had no lien upon the stock for his debts.

No error is assigned touching the amount of damages.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*B. F. Claypool*, for the appellants (1).

*J. S. Reid* and *S. Heron*, for the appellee (2).