## In re Klaus.

*September 23 — December 14, 1886.*

*Corporations: Transfer of stock: Duties of secretary: By-laws: Consent of stockholders: Partnership.*

1. The duties of the secretary of a corporation as to transfers of stock are purely ministerial, and he cannot inquire into the motives of the parties to the transfer.
2. Corporations organized under ch. 144, Laws of 1872, are now governed by the Revised Statutes of 1878.
3. A by-law which requires the consent of all the stockholders to a transfer of the stock of a member thereof is void as against public policy; and no exception can be made in the application of this rule on the ground that the stockholders were originally copartners, and the one attempting to transfer his stock consented to and voted for such by-law.

APPEAL from the Circuit Court for *Brown* County.

The appeal is from an order, made in a proceeding under sec. 1752, R. S., compelling the appellant, *C. A. Willard*, as secretary of the E. E. Bolles Wooden Ware Company, to transfer, on the books of said company, one certain share of stock therein to the petitioner. The facts are stated in the opinion.

For the appellant there was a brief by *Ellis, Greene & Merrill*, and oral argument by *Mr. Greene*.

For the respondent there was a brief by *Hudd & Wigman*, and oral argument by *Mr. Wigman*. To the point that the by-law was unreasonable and against the policy of the common law, they cited *State v. Franklin Bank*, 10 Ohio, 91; *Sargent v. Franklin Ins. Co.* 8 Pick. 90; *Farmers' & M. Bank v. Wasson*, 48 Iowa, 336; *Quiner v. M. S. Ins. Co.* 10 Mass. 476; *U. S. v. Vaughan*, 3 Binn. 394; *Chambersburg Ins. Co. v. Smith*, 11 Pa. St. 120; *Chouteau S. Co. v. Harris*, 20 Mo. 382; *Moore v. Bank of Commerce*, 52 id. 377; *Bank of Attica v. M. & T. Bank*, 20 N. Y. 501;

Lowell on Transfer of Stock, sec. 48; Angell & A. on Corp. sec. 567.

The following opinion was filed October 12, 1886:

ORTON, J. The petitioner, *Anton Klaus*, presented his affidavit to the circuit court, under sec. 1752, R. S., by which it appeared in substance that one R. A. Meiswinkle was the owner of one share of stock in the E. E. Bolles Wooden Ware Company, and held the stock certificate thereof, and that on the 6th day of February, 1886, said Meiswinkle sold, assigned, indorsed, and delivered said stock and the certificate thereof to the said petitioner. And it further appeared by said affidavit that on or about the day aforesaid said petitioner applied to one *C. A. Willard*, who was then the secretary of said company and in possession of of the books of the same, to have said certificate duly transferred upon said books according to said assignment, and such transfer duly entered upon the same, pursuant to sec. 1751, R. S., and that said *Willard* neglected and refused for more than two days to transfer on the stock books of said company said stock, and still neglects and refuses to do so, for the sole reason that such transfer was not made with the consent of all the stockholders of said corporation. The object of the affidavit was to procure an order against said *Willard* to show cause why he should not enter the said transfer upon said books. The said *Willard* attempted to show cause by stating, substantially, in his affidavit that the stock of said company was not transferable by indorsement and delivery, but that, according to a by-law of the company, no transfer should be made and no new certificate issued except by the consent of all the stockholders, and such consent had not been obtained or given to such transfer to the petitioner, and that said Meiswinkle voted for said by-law and consented thereto; and by stating, further, that on the 9th day of

February, 1886, said certificate of stock was brought to him with a pretended assignment on the back thereof to the petitioner, purporting to have been made on said 6th day of February, 1886, and that on information and belief said transfer had never been delivered to him, said petitioner, but that it was brought to the affiant by one George Marsden, to whom it had just been delivered by said Meiswinkle; and that the object of the petitioner in attempting to have said transfer entered upon the books of the company was to enable said Meiswinkle to accomplish some design of his own, and that the petitioner does not intend to become an active stockholder, or to own and hold stock for his own benefit, but purely for the advantage of Meiswinkle.

These statements, even on information and belief, do not deny the due and legal transfer, by indorsement and assignment, of the stock, as stated in the petitioner's affidavit, nor the delivery thereof to the petitioner, nor the application by the petitioner for its transfer on the books, for Marsden's action was clearly on behalf of the petitioner. This would hardly be a denial of the positive statements to that effect in the affidavit of the petitioner. The other statements in the affidavit of *Willard* are matters of argument and not of facts material to this issue under the statute. Among the papers in the case there is a notice by *Willard*, as secretary of the company, to the petitioner, dated February 9, 1886, that he declined to enter the transfer upon the books in compliance with said by-law. This is the reason stated also in his affidavit. It is now too late to state other reasons, even if they would otherwise be valid, for his refusal. But the other reasons are entirely insufficient. Whatever may have been the motives of Meiswinkle in making his transfer, it is of no concern to *Willard*. His duties are purely ministerial and clerical in entering upon the books transfers of stock. He certainly has not the judi-

cial power to pass upon the motives and intentions of the parties to the assignment of stock. *Helm v. Swiggett,* 12 Ind. 194; *State ex rel. Page v. Smith,* 48 Vt. 266.

The only material question is as to the validity of the by-law which prohibits the transfer of the stock of the company without the consent of all of the stockholders. This is an important question, but the principles involved have been so clearly established by a vast preponderance of the authorities that I shall not attempt to treat it as an original question resting upon the general powers of a corporation, or on the reason of the rules so established. It is claimed by the learned counsel of the appellant, in his argument and brief of great ability and plausibility, that this company is governed by ch. 144, Laws of 1872, and not by ch. 85 of the Revision of 1878, and that sec. 13 of said ch. 144, authorizing the transfer of the stock of the companies organized under said chapter, on their books, "in such form and under such *limitations* as the by-laws shall prescribe," warrants the by-law in question, limiting such transfers to cases to which the consent of all of the stockholders has been obtained. That section was especially revised and superseded by sec. 1751, R. S. See Revisers' Notes, p. 137. That chapter was especially repealed by the revisers. Page 1151. By sec. 1791, R. S., it is provided that corporations heretofore organized under any general law "shall have the same powers as if lawfully organized under this chapter, *and be governed by these statutes.*" This does not mean that such corporations shall have the same powers conferred by such general law, but such powers as it may have if organized under this chapter, and the last clause makes this meaning clear.

We must therefore look to the Revised Statutes, as to the power of this corporation to place limitations, restrictions, conditions, or prohibitions upon the free transfer of its stock upon its books. The above language is not found in sec. 1751, R. S. Such power, therefore, does not exist by

virtue of any law, or by the articles of incorporation, but solely in the general power to make by-laws.   But ch. 144, Laws of 1872, under which this company was organized, in many of its sections would seem to imply the free and independent right of the assignees of stock duly transferred, to have such transfers entered upon the books of the company in all cases.   Sec. 14 prescribes the liability of the assignees and assignors.   Sec. 15 requires the stock-books to remain open for inspection in order to inform those interested who the present stockholders are; and sec. 17 provides that any creditor is entitled to be informed who the stockholders are.   These provisions are inconsistent with the exercise of a prohibitory power of the corporation, by by-laws or the articles of incorporation, to prevent the entry of transfers of stock in the books actually made and which are valid between the parties.

There is a distinction between the stockholders, whether original or by transfer of stock, and the directors of the corporation.   The directors may make by-laws,— not the stockholders.   The enactment of by-laws is a corporate, not an individual, act.   The argument of estoppel on Meiswinkle as a stockholder or as an original partner in the business before it was organized into a corporation, on account of his agreement to abide by such restriction and his assent thereto, can have no force when applied to him as a director of the company.   *Button v. Hoffman*, 61 Wis. 20. The stock of this private corporation, by said sec. 13, is made *personal property* and transferable on the books of such corporation, and by the Revised Statutes it has all of the incidents of personal property.   To deny the right to have transfers of stock, actually made, entered upon the books of the corporation, would be impairing the rights and in fraud of the creditors of the stockholders, who have the common-law right to resort to any of the property of their stockholding debtor for the satisfaction of their claims.

The debtor owns the stock, by purchase and assignment of the certificate, to all intents and purposes, but such transfer is void as to his creditors unless entered upon the books. Sec. 1751, R. S.; *In re Murphy*, 51 Wis. 519.

The refusal of *Willard*, the secretary, to enter this transfer upon the books, keeps this property of the petitioner liable for the debts of Meiswinkle and beyond the reach of the creditors of the petitioner. This would seem to be a strong, if not a conclusive, reason that the exercise of such power of prohibition is void as to creditors at least, and so far against public policy and unlawful.

It is again very plausibly argued by the learned counsel of the appellant that what might be against public policy in a public or *quasi* public corporation, would not be in a strictly private corporation, and that the latter corporation was in substance only an incorporated partnership. We cannot give countenance to any such distinction. The policy of incorporating a strictly private business, with a limited liability of the stockholders towards their creditors, is at least questionable. But when a private business or a partnership has become incorporated under the general law, and greatly favored by privileges and franchises and by restricted liability, there is no reason for making any distinction between such a corporation and others, and our statutes make none. The corporators have secured the advantages of a corporation, and they should be governed by all the other incidents of a corporation. Why not? They cannot be a corporation, and still remain, in respect to the same business, a copartnership. The one must completely displace the other. We cannot, therefore, be governed by any authorities which make such a distinction. The stockholders, directors, and officers cannot act as partners, or be personally bound as partners. The corporators, if formerly partners in the same business, and the partnership, are merged in the corporation, — not partially, but

fully and completely. A similar argument was made in the late case of *First Nat. Bank v. Knowles, ante,* p. 373; and it was claimed that such a strictly private corporation was entitled to more legal indulgence in respect to its creditors, but such a claim was disallowed. As a partner, a person may sell his interest in the partnership property, but he does not sell his interest in the partnership as such, and he may bind himself to his copartners by his agreement; but, as a stockholder, he is in no sense the owner or part owner of the partnership property. His stock represents his interest in the corporation, and that is made property by the statute. *Button v. Hoffman,* 61 Wis. 20. His individuality is merged in that of a stockholder. His stock is not only property, but private property, and he may do with it as he pleases. There is no community of interest in the different stockholders to form the basis of a good consideration for a contract between them as to the disposition of their stock.

Enough, and perhaps too much, has been said on general principles, and once for all we hold that a by-law of a corporation which prohibits the transfer of stock by a stockholder without the consent of all of the stockholders is void as against public policy. It is an unwarrantable and unlawful restriction upon the sale of personal property, the sale and interchange of which the law favors, and in restraint of trade. I have already said that the transfer is valid to all intents and purposes as between the parties, without the entry thereof in the books of the company. So the statute provides. Sec. 1751, R. S. But as to third persons and the public it is void unless so entered in the books. Its sale, full and complete, may thus be prevented by the will and at the option of another who has no interest in it. The claim is against all reason and justice. When the law makes stock personal property it clothes it with all the incidents of personal property, and the owner has full dominion over it and may dispose of it at will. That such a

by-law as that under consideration is void as against public policy nearly all of the authorities seem to hold. Ang. & A. Corp. § 567; Low. Transf. Stock, § 48; *Bank of Attica v. M. & T. Bank*, 20 N. Y. 501; *Sargent v. Franklin Ins. Co.* 8 Pick. 90; *Chouteau S. Co. v. Harris*, 20 Mo. 382; *Quiner v. M. S. Ins. Co.* 10 Mass. 476; *Bond v. Mt. Hope Iron Co.* 99 Mass. 505; *Case v. Bank*, 100 U. S. 446; and many cases cited in brief of respondent's counsel, and many more that might be cited.

It is claimed that this case ought to be made an exception, because the original stockholders were the former copartners, and they three ought to have the right to choose their associates in the business, as it took all of them to be directors and officers. That might be so in this case, but the principle would not apply to other cases of private corporations where the stockholders were more numerous, and hence there would be an exception to a general rule for personal reasons. But it is not proper to say that stockholders, as such, are associates in the management of the business. They have nothing to say about the business, any further than to protect their interests. The directors and officers manage the business. As stockholders, they are in no sense partners.

We are satisfied that the circuit court decided correctly, and properly granted the order to compel the secretary, *Willard*, to enter the transfer of this stock to the petitioner in the books of the corporation.

*By the Court.*— The order of the circuit court is affirmed.

Upon a motion for a rehearing it was argued, on behalf of the appellant, that subd. 6, sec. 1772, R. S., empowering a corporation of this kind to prescribe in its articles of incorporation the "methods and *conditions* upon which members shall be *accepted*, discharged, or expelled," gives the stockholders the power to make by the articles the same

rule which they have here attempted to make by by-law. Such a rule cannot, therefore, be held to be against public policy. The reasons for requiring the rule to be made by the articles are merely that it should be made by all the stockholders and be made public. The by-law in question was made by all the stockholders and was known to *Klaus* before the transfer. Hence the objection to its form must fail.

For the respondent it was argued that that part of subd. 6, sec. 1772, R. S., applies only to corporations without capital stock. The articles of incorporation are filed in such a manner as to insure constructive notice of their contents; but a person dealing with a corporation is not required to take notice of its by-laws. Morawetz on Corp. sec. 64.

The motion was denied December 14, 1886.