EDGERTON TOBACCO MANUFACTURING COMPANY, Respondent,
vs. CROFT, Appellant.

*September 2 — September 20, 1887.*

CORPORATION: *Articles of association.*

The provision of subd. 6, sec. 1772, R. S., that the articles of associa-
tion by persons desiring to form a corporation shall state "The
methods and conditions upon which members shall be accepted, dis-
charged or expelled," has no application to the articles of a stock
corporation, and their omission therefrom will not affect the legal-
ity of its incorporation.

APPEAL from the Circuit Court for *Rock* County.

The case is sufficiently stated in the opinion.

*J. B. Doe, Jr.,* for the appellant, argued, among other
things, that a strict compliance with the statute regulating
the organization of corporations in all respects was essential
to their corporate existence. *B. & A. R. Co. v. Carey,* 26
N. Y. 75; *Swartwout v. Mich. A. L. R. Co.* 24 Mich. 389;
*Harrod v. Hamer,* 32 Wis. 162; *Att'y Gen. v. R. R. Cos.* 35
id. 600; R. S. secs. 1772, 1775; Morawetz on Priv. Corp. secs.
17, 19, 20, 26, 137; *O. & L. R. Co. v. Veazie,* 39 Me. 571;
*Busenbach v. A. & B. G. R. Co.* 43 Ind. 265; *State ex rel.
O'Brien v. B. & Z. G. Co.* 32 id. 357; *Rhodes v. Piper,* 40
id. 369; *D. & C. C. R. Co. v. Mabbett,* 58 N. Y. 397; *People
ex rel. Beardsley v. Van Valkenburgh,* 63 Barb. 105. Other
points raised in the arguments are not noticed in the opinion.

For the respondent there was a brief by *Luse & Wait,*
and oral argument by *Mr. Luse.*

TAYLOR, J.   The respondent company brought its action
in the circuit court against the appellant to recover a bal-
ance, alleged to be due to the company upon a subscription,
by the appellant, for twenty shares of the capital stock of
said company.   The plaintiff, in its complaint, alleges that

it is a corporation organized under ch. 86, R. S. 1878, and
sets out at length the articles filed with the register of deeds
and secretary of state, as required by subd. 7, sec. 1772,
R. S. The complaint alleges that it is a stock corporation;
that, under and pursuant to its articles of incorporation, it
solicited subscriptions to the amount of about $25,000; that
the defendant subscribed for twenty shares, or $2,000 of the
stock of said corporation; and that, soon after the organiza-
tion, the board of directors called upon the subscribers for
the stock to pay in twenty per cent., and that the defendant
paid the sum of $400 upon his twenty shares. It then al-
leges that since that time the board of directors have, from
time to time, by resolution, called upon the subscribers to
pay their stock subscription, in different sums, until the pay-
ment of the whole amount of the stock has been called for,
of which calls the defendant has had due notice. The com-
plaint admits that the further sum of $400 has been paid
upon said shares; that the defendant refuses to pay the sum
of $1,200 still due upon his said stock subscription, and de-
mands judgment for the sum of $1,200, with interest and
costs. The complaint also alleges that the officers of said
corporation were duly elected, and that said corporation
commenced business and has been, for more than three
years past, doing business as such corporation.

To this complaint the defendant filed a demurrer setting
up as the only ground of demurrer "that it appears on the
face of the complaint that the above-named plaintiff has not
legal capacity to sue, and that said complaint shows that
said plaintiff was never duly or legally organized under the
laws of the state of Wisconsin." The demurrer was over-
ruled, and from the order overruling the demurrer the de-
fendant appeals to this court.

The learned counsel for the appellant insists that the
plaintiff, in its complaint, shows that it was never legally
incorporated under the laws of this state. The particular

exception to the legality of its organization is that, in its articles as set out at length in the complaint, it appears they do not comply with the provisions of sec. 1772, R. S. 1878, in this: that the articles signed and filed omit entirely the sixth subdivision of said section.   Sec. 1772, R. S., declares that, in order to form a corporation under that section, the persons desiring to do so shall make, sign, and acknowledge written articles containing: " (1) A declaration that they associate for the purpose of forming a corporation under the Revised Statutes, and of the business or purpose thereof; (2) the name and location of such corporation.; but such names shall not contain the names of individuals, in the manner in which they are ordinarily used in partnership or business names; (3) the capital stock, if any; the number of shares thereof, and the amount of each share; if formed without capital stock, a statement of that fact; (4) the designation of the officers, etc.; (5) the principal duties of the several general officers, respectively; (6) the method and conditions upon which members shall be accepted, discharged, or expelled; and, in stock corporations, persons holding stock *according to the regulations* of the corporation, and they only, shall be members; (7) such other provisions or articles, if any, not inconsistent with law, as they may deem proper to be therein inserted for the interest of such corporation, or to the accomplishment of the purposes thereof, including, if desired, the duration of its existence.   In case the corporation is formed without capital stock, the articles shall fix the time and place of the first meeting for the election of officers, and the signers of such articles shall give notice thereof, as provided in the next section."

Sec. 1773, R. S., provides that " until the directors or trustees shall be elected, the signers of the articles of organization shall have the direction of affairs of the corporation, and make such rules as may be necessary for the perfection

of the organization, accepting members or *regulating the subscription* to the capital stock." In stock corporations, the first meeting may be held at any time after one half of the capital stock shall have been subscribed, and may be called by any two signers of the articles, at such time and place as they shall appoint, by giving ten days' personal notice thereof, in writing, to each subscriber of stock," etc.

After a careful consideration of the provisions of said sec. 1772, R. S., we are satisfied that subd. 6, above quoted, has no application to a stock corporation. The sixth subdivision, above quoted, on its face declares that "in stock corporations, persons holding stock according to the regulations of the corporation, and they only, shall be members." Stockholders in a corporation cannot be expelled or discharged by the corporation. The statute in its other provisions fixes the liabilities of stockholders, and prescribes the manner in which they may dispose of their stock, and so cease to be members of the corporation. See secs. 1751, 1752, 1754, R. S. 1878. No action of the corporation can prevent them from disposing of their stock in the manner provided by law, and thereupon ceasing to be members of the corporation. Nor can the corporation prevent purchasers of stock becoming members, when they purchase in the manner prescribed by statute. See *In re Klaus*, 67 Wis. 401.

If it be urged that the provisions of subd. 6 have reference to the manner of taking the original subscriptions for the stock, this argument does not hold good, as the next section of the statute, sec. 1773, above quoted, provides for the manner of taking such subscriptions by enacting "that the persons signing the articles of organization shall make such rules as may be necessary . . . for regulating the subscription to the capital stock." This provision is a clear indication that there was no intention on the part of the legislature to require that the articles of

organization should regulate the subscription to the capital stock. Subd. 6, sec. 1772, is wholly inapplicable to stock corporations; and we think the articles of organization in this case were in conformity to the statute. So far as appears on the face of the complaint, the corporation was duly organized. The demurrer to the complaint was not well taken.

*By the Court.*— The order appealed from is affirmed.