HERMAN MUNDT, Respondent, v. COMMERCIAL NATIONAL BANK OF OGDEN, Appellant.

No. 1954. Decided January 14, 1909 (99 Pac. 454).

1. DEPOSITIONS—ADMISSIBILITY IN EVIDENCE—INSUFFICIENCY OF ANSWERS. The mere fact that answers to certain cross-interrogatories in a deposition, answered at least in a general way, are not deemed sufficiently specific by the party propounding them would not· authorize the exclusion of the entire deposition as evidence, especially where the questions are not material nor relevant to any material issue. (Page 93.)

2. APPEAL AND ERROR—RECORD—QUESTIONS PRESENTED—TRIAL BY COURT—NECESSITY OF CERTIFYING ALL THE EVIDENCE. Where trial was to the court, and all the evidence heard is not certified·to the Supreme Court on appeal, the admission of a deposition in evidence is not reviewable, since the court may have disregarded the deposition, and based its findings and conclusions on other evidence, which may have been sufficient to support them. (Page 93.)

3. APPEAL AND ERROR—REVIEW—TRIAL BY COURT—FAILURE TO CERTIFY EVIDENCE—PRESUMPTIONS. Where trial was to the court, and all the. evidence is not certified to the Supreme Court on appeal, it will be presumed that there was sufficient evidence to support the findings, and that they are correct. (Page 93.)

4. ESTOPPEL—CLOTHING PERSON WITH APPARENT TITLE—ISSUE OF STOCK CERTIFICATE—RIGHTS OF THIRD PERSONS. Where a corporation issues a stock certificate to a person, it thereby holds out to all who may undertake to deal with it that the person is the owner thereof, and has the capacity to transfer it. (Page 93.)

5. CORPORATIONS—CAPITAL STOCK—TRANSFER OF SHARES—PRIMA FACIE RIGHT OF HOLDER. Where a person presents a stock certificate, with a proper assignment duly signed by the person to whom it was issued by the corporation, the assignee has at least the *prima facie* legal right to have the stock transferred in his name on the corporation books, so that he may enjoy the full benefits of a stockholder of record. (Page 93.)

6. CORPORATIONS—CAPITAL STOCK—TRANSFER OF SHARES—RIGHT OF CORPORATION TO QUESTION. A corporation cannot inquire into and pass upon the motives of the assignor and assignee of shares of its stock which induce a transfer thereof, nor can it ordinarily inquire into and pass upon the legality of the transaction by which the shares are transferred from one to another, nor question the consideration for the transfer. (Page 94.)

7. CORPORATIONS—CAPITAL STOCK—TRANSFER OF SHARES—RIGHT OF CORPORATION TO INTERFERE. If a corporation has some claim upon a certificate of its stock sought to be transferred, or some rights against the assignor that would, or might, be affected or lost by the transfer, or if it is notified by a third person not to transfer the stock, upon the ground that he claims some interest in it which would, or might be, lost by making the transfer, the corporation may refuse to make the transfer. (Page 94.)

APPEAL from District Court, Second District. *Hon. J. A. Howell*, Judge.

Action by Herman Mundt against the Commercial National Bank of Ogden to compel the transfer of stock. Judgment for plaintiff and defendant appeals.

AFFIRMED.

*A. B. Heywood* for appellant.

*E. T. Hulaniski* for respondent.

FRICK, J.

This is an action in equity to compel the transfer of stock. Respondent in his complaint, after stating the corporate capacity and the business of appellant, in substance, alleged that on a day named, for a valuable consideration, he pur-

chased and then became, and at the time of the commencement of the action was, the owner and holder of ten shares of the capital stock of the appellant, evidenced by certificate No. 220, which had been duly issued by appellant to one George Dawson, and had by him been sold, assigned, and delivered to respondent; that respondent, before bringing this action, presented said certificate, together with the evidence of his ownership, to the appellant, and requested that it transfer the stock upon its books, and issue to him a new certificate in his name for said ten shares of stock; that said appellant, without cause therefor, refused, and still refuses, to transfer said stock on its books, or to issue a new certificate as requested; that said stock is dividend paying stock, and is valuable as an investment, and that an action at law for damages would not afford the respondent an adequate remedy. The appellant answered the complaint, and, in effect, denied that the respondent was the owner of said stock, and averred that the George Dawson mentioned in the complaint was a necessary party to the action, and asked that he be made a party thereto. The court ordered Dawson to be made a party, which was done. Dawson, however, made default, and made no claim to any right or interest in or to the stock in question, nor did the appellant, or any one else, make any claim thereto, nor was it averred in the answer that appellant, or any one else, had any claim or right in or to said stock. After a hearing upon the issues presented the court made findings in which it substantially found the facts as alleged in the complaint, and entered judgment or decree requiring appellant to transfer said stock upon its books in the name of respondent, and to issue to him a new certificate therefor. From the judgment appellant prosecutes this appeal.

In the bill of exceptions nothing is contained except a certain deposition, and the only error assigned with respect to it is that the court erred in admitting it in evidence, for the reason that the witness did not answer certain cross-interrogatories propounded to him by appellant. The interroga-

tories were in fact answered by the witness, at least in a general way, and the mere fact that the answers were not deemed sufficiently specific by appellant, in our judgment, would not authorize the exclusion of the entire deposition as evidence. Besides all this, the questions propounded were neither material nor relevant to any material issue. Moreover, the trial was to the court, and all the evidence heard by it is not certified to this court. It may be that the court disregarded the particular questions and answers, or, for ought that is made to appear, it may have disregarded the whole deposition, and based its findings and conclusions on the other evidence in the case which may be sufficient to support the findings. There is therefore no apparent error in the court's ruling with regard to the admission of the deposition evidence. In view that the appellant attacks the findings of the court and all evidence is not certified up, we have no means of determining whether the findings are sustained by the evidence or not. We must therefore be governed by the presumption that there was in fact sufficient evidence to support the findings, and that they are correct. Nor is the objection that the findings are "not responsive to the issue" tenable. While the findings are not as direct and specific as they might be, they nevertheless, cover every material issue presented by the pleadings.

But apart from all this, in view of the allegations contained in the complaint, the appellant presented no adequate defense for its refusal to transfer the stock as requested by respondent. When the appellant issued the original stock certificate to Mr. Dawson, it thereby held out to all who might undertake to deal with it that he was the owner thereof, and had the capacity to transfer the same. *Holbrook v. N. J. Zink Co.,* 57 N. Y. 616. When any person, therefore, presented the certificate, with a proper assignment duly signed by the person to whom it was issued by the appellant, the assignee had at least the *prima facie* legal right to have the stock transferred in his name on the

books of appellant, so that he might enjoy the full benefits of a stockholder of record. The appellant had no right, except for good cause, to refuse to transfer the stock on its books and by such refusal deprive the assignee of his rights as a stockholder. Mr. Justice Field, in *Johnston v. Laflin,* 103 U. S. 803, 26 L. Ed. 532, says:

> "Shares in the capital stock of associations, under the national banking law, are salable and transferable at the will of the owner. . . . The statute recognizes this transferability, although it authorizes every association, to prescribe the manner of their transfer. Its power in that respect, however, can only go to the extent of prescribing conditions essential to the protection of the association against fraudulent transfers, or such as may be designed to evade the just responsibility of the stockholder. It is to be exercised reasonably. Under the pretense of prescribing the manner of the transfer the association cannot clog the transfer with useless restrictions, or make it dependent upon the consent of the directors or the stockholders."

Nor can the corporation set itself up as the judge, and inquire into and pass upon the motives of the assignor and assignee which induced the transfer nor can it ordinarily inquire into or pass upon the legality of the transaction by which the shares are transferred from one to the other, nor question the consideration upon which the transfer is based. *Miller v. Houston C'ty St. Ry. Co.,* 5 C. C. A. 134, 55 Fed. 366; *Helm v. Swiggett,* 12 Ind. 194; *In re Klaus,* 67 Wis. 401, 29 N. W. 5°2. In the last case cited, in referring to the officer whose duty it is to make the transfer for the corporation upon its books, Mr. Justice Orton, at page 403 of 67 Wis., at page 583 of 29 N. W., says: "His duties are purely ministerial and clerical in entering upon the books transfers of stock. He certainly has not the judicial power to pass upon the motives and intention of the parties to the assignment of stock."

If the corporation has some claim upon the stock, or some rights against the assignor that would or might be affected or lost by the transfer, or if it is notified by some third person not to transfer the stock upon the

ground that he claims some interest in it which would, or might be, lost by making the transfer, then it may refuse to make, the transfer; but when it is called into court because of such refusal, it should present these matters as a defense, and not rely merely upon a denial of ownership for want of knowledge, or upon an averment, upon information and belief, that the assignee is not the true owner, or that the transfer between the assignor and the assignee was made in bad faith and for an ulterior purpose. The motives which actuate the parties in making the transfer of the stock, or the consideration passing between them, are entirely immaterial so long as no one claims any rights to, or interest in, the stock asked to be transferred, and where it is not made to appear that the transfer is asked to evade some legal responsibility of the stockholder. If the rights claimed by appellant to interfere in stock transfers were allowed, then it would logically follow that corporations are *quasi* guardians, with power to pass upon the acts, not only of all of their stockholders, but also upon the acts of those who desire to become such, where such acts relate to the sale and transfer of capital stock of the corporations. If this power be once granted to corporations, then they must likewise assume the corresponding duty of guarding all the interests of the stockholders, and refuse to transfer any stock so long as the corporate officers think it was sold for an inadequate consideration, or was parted with by virtue of some transaction which they think illegal, or not made in good faith, and for all other defects in the title, known or unknown to them, which might ultimately be questioned by the assignor himself, or by some one claiming an interest in the stock. No such duty is imposed upon corporate officers, and it would be wholly impractical if it were imposed by law. (*Tafft v. Presidio & Ferries Co.* (Cal.), 22 Pac. 487.) The corporation should at all times guard its own interests, as well as those of its stockholders in making transfers, and it must exercise ordinary care in doing so. It is liable for negligence in making transfers; and hence it may always refuse to make

a transfer when it has reasonable ground for so doing, but it must act in good faith, and present some adequate reason for refusing to make a transfer, and support it by some evidence.

The judgment is affirmed, with costs to respondent.

STRAUP, C. J., and McCARTY, J., concur.