[Civ. No. 1231.   First Appellate District.—June 10, 1913.]

## RUDOLPH SPANGENBERG, Respondent, v. CHARLES NESBITT, Appellant.

CORPORATION—REFUSAL OF SECRETARY TO TRANSFER STOCK—ACTION FOR PENALTY—PLEADING.—In an action against the secretary of a corporation to recover the penalty prescribed by section 324 of the Civil Code for refusal to transfer stock upon the books of the corporation, it is not necessary for the plaintiff to allege that the defendant willfully and without lawful reason refused to make the requested transfer, but a complaint which, in the language of the statute, alleges the refusal, *prima facie* states a cause of action.

ID.—TRANSFER OF STOCK ON BOOKS—RIGHT OF CORPORATION TO REFUSE.—The officers of a corporation may rightfully refuse, for the time being, a requested registry of stock, when notified to do so by a third person who claims some interest in the stock which might be lost or injuriously affected by the transfer. But if within a reasonable time resort is not had to the courts for the determination of the controversy, either by the corporation itself or by the parties immediately involved, it becomes the duty of the corporation or its officer to register the disputed stock in the name of the first claimant.

ID.—SECRETARY—INVESTIGATION ON HIS OWN INITIATIVE OF RIGHT TO STOCK.—If an officer in his capacity as secretary of the corporation, and entirely upon his own initiative, undertakes to determine, solely from his personal knowledge of dealings between the parties, who is the rightful owner of the stock, he acts under the penalty imposed by the statute.

ID.—DEMAND FOR TRANSFER—WAIVER OF UNCERTAINTY.—An objection, made for the first time on appeal, that the demand for the transfer was uncertain and indefinite in that it failed to designate the particular stock sought to be transferred, is unavailing, if the defendant's answer admits that the plaintiff, at the time and in the manner alleged in the complaint, presented to the defendant the certificate representing the particular stock in controversy, and requested a transfer thereof.

ID.—DEFECT IN ASSIGNMENT OF STOCK—WAIVER.—A contention, made for the first time on appeal, that the assignment of the stock to the plaintiff was technically defective, is unavailing as a justification for the defendant's refusal to make the requested transfer, if the refusal was based solely upon the ground that the plaintiff was not the real owner of the stock.

ID.—EVIDENCE—CONTENTS OF MINUTE BOOK OF CORPORATION.—A question to the defendant, as a witness, what information he derived from the minute book of the corporation which tended to show that the stock was not the property of the plaintiff, is properly rejected on the ground that the book is itself the best evidence of the fact sought to be elicited.

ID.—REJECTION OF EVIDENCE—PRESUMPTION ON APPEAL.—And if the offer of the defendant to introduce minutes of the corporation in evidence is rejected on the ground of its immateriality, but the minute entries are not made part of the record, the presumption will be indulged on appeal that the ruling was correct.

ID.—DEFENSE—PAROL MODIFICATION OF AGREEMENT.—The defendant cannot, in his defense, show by parol evidence an alleged contemporaneous modification of the original contract for the purchase of the stock, and also the negotiations of the parties culminating in the completed contract as expressed in writing.

ID.—FRAUD OF PLAINTIFF—ESTOPPEL AS DEFENSE.—The defendant cannot urge as a defense that the plaintiff deluded a third person into the belief that he purchased all of the plaintiff's stock.

APPEAL from a judgment of the Superior Court of Alameda County and from an order refusing a new trial. T. W. Harris, Judge.

The facts are stated in the opinion of the court.

George F. Witter, for Appellant.

Frank G. Little, and Welles Whitmore, for Respondent.

LENNON, P. J.—In this action the plaintiff recovered a judgment against the defendant in the sum of four hundred

dollars as a penalty, under the provisions of section 324 of the Civil Code, for the alleged refusal of the defendant, as the secretary of the Western Heavy Hardware and Iron Company, to transfer upon the books of the corporation and in the name of the plaintiff one hundred shares of its corporate capital stock, previously indorsed to plaintiff by the assignees of the original owner. From the judgment and from an order denying a new trial the defendant has appealed.

The defendant's demurrer to the plaintiff's complaint, grounded solely upon the insufficiency of the facts stated to constitute a cause of action, was properly overruled. It was not necessary to a statement of plaintiff's cause of action to allege that the defendant had willfully and without lawful reason refused to make the requested transfer of the stock in question. A complaint which, in the language of the statute—as is the case here—alleges the refusal to comply with a request for the performance of a statutory duty *prima facie* states a cause of action. The reasons for such refusal, if any, are properly pleaded only as a matter of defense. (*Miles* v. *Woodward,* 115 Cal. 308, [46 Pac. 1076].)

The defendant did not deny in his answer that he had persistently refused the requested transfer of the stock in question; but as a defense to the action pleaded in substance that his failure to make such transfer was based upon his information and belief that at the time of the request for the transfer, and for a long time prior thereto, one Joseph Nesbitt and not the plaintiff was the true owner of the stock; that at all of the times mentioned in the plaintiff's complaint there were divers and conflicting claimants to said stock; that the same was refused transfer on the books of the corporation in the name of the plaintiff for the reason that the defendant did not know who was the rightful owner thereof; that he had been at all times informed, and therefore believed, that it was his duty, as secretary of said corporation, not to register a transfer of said stock while there were divers and antagonistic claimants to the same until finally ordered to do so by a court of competent jurisdiction. It was further alleged in the answer of the defendant that a proceeding in *mandamus* had been instituted against the defendant in the superior court of Alameda County prior to the commencement of the present action, wherein a judgment was rendered

in favor of the plaintiff, from which an appeal had been taken and was pending in this court. It does not appear, however, from the allegations of the answer how or to what extent the proceeding in *mandamus* and the judgment rendered therein related, if at all, to the ownership of the stock in question; and inasmuch as no reference was made to such proceeding in the evidence adduced upon the trial of the present case, it may be fairly assumed that this phase of the defendant's pleaded defense was abandoned.

The trial court found for the plaintiff upon practically the following facts: The plaintiff, Rudolph Spangenberg, and the defendant, Charles Nesbitt, together with John H. Mercer, George A. Griffith et al., organized a corporation known as the Western Heavy Hardware and Iron Company, and had issued to themselves portions of the corporate capital stock aggregating, as shown by the books of the corporation, eighteen thousand two hundred shares. Dissension arose among the stockholders, and one Joseph Nesbitt negotiated and consummated the purchase of the stock owned by the plaintiff, Mercer, and Griffith for eighty-five cents per share. It was the desire and intention of Joseph Nesbitt to acquire the entire interest of the plaintiff, Mercer, and Griffith in the stock of the corporation, and he was under the impression that he had done so. Prior to the consummation of the sale in question and unknown to Joseph Nesbitt the plaintiff, Mercer, and Griffith purchased one hundred shares of the capital stock of the corporation from a stockholder named Adam Macauley. Subsequently Spangenberg, the plaintiff, acquired this particular stock by assignment from Mercer and Griffith, but no record of the same was registered upon the books of the corporation. Charles Nesbitt, the defendant in this action, was present when the sale of the eighteen thousand, two hundred shares to Joseph Nesbitt was consummated; and from his knowledge of the details of the transaction it was his belief that the plaintiff intended to and had actually sold his entire existing interest in the corporation to Joseph Nesbitt. The agreement, however, for the purchase of plaintiff's stock in the corporation as finally executed was reduced to writing, and specifically declared that eighteen thousand, two hundred shares of stock owned by the plaintiff and as evidenced by a designated certificate

constituted the subject matter of the agreement between the plaintiff and Joseph Nesbitt. After the lapse of a year, during which time the corporation had paid dividends to Macauley, in whose name the one hundred shares of stock appeared on the books of the corporation, the plaintiff Spangenberg presented the certificate representing such stock to the defendant Charles Nesbitt, as secretary of the corporation, and demanded a transfer of such stock upon the books of the corporation. Being familiar, as he thought, with the terms of the contract and the intent of the parties thereto, whereby Joseph Nesbitt endeavored to purchase the entire interest of the plaintiff, Mercer and Griffith in the stock of the corporation, and believing that such contract was intended to and did convey such interest to Joseph Nesbitt, the defendant refused to make the transfer upon the ground that the plaintiff was not the owner of the stock in question.

It is insisted upon behalf of the defendant that this evidence disclosed a conclusive and valid reason for refusing the transfer requested, and that therefore findings and judgment should be made and rendered for the defendant.

There is no merit in this contention. Generally speaking the officers of a corporation may rightfully refuse for the time being a requested registry of stock when notified to do so by a third person who claims some interest in the stock, which might be lost or injuriously affected by the transfer (*Mundt v. Commercial Nat. Bank of Ogden,* 35 Utah, 90, [136 Am. St. Rep. 1023, 99 Pac. 454]) ; and in the presence of such conflicting claims it is the privilege and the duty of the corporation or its officers, if there be a reasonable doubt as to the respective rights of the contending claimants, to refuse— or rather, delay registry to either party until the lapse of a reasonable time, within which the merits of the controversy may be determined by an independent investigation of the corporation, or, if necessary, by the institution of appropriate proceedings in the courts. The law, however, does not require or permit the officers of a corporation to assume the functions of a court of justice and by their decision forever conclude the rights of the contending claimants. If within a reasonable time resort is not had to the courts for the determination of the controversy, either by the corporation itself or by the parties immediately involved, it becomes the duty

of the corporation or its officer to register the disputed stock in the name of the first claimant. Any other rule would tend to permit the corporation of its own motion, or at the mere instigation of third parties, to arbitrarily deprive a person presenting a *prima facie* right to the disputed stock from the possession and benefits thereof. (2 Cook on Corporations, secs. 385, 386, 387, 404, 407.)

Measured by these views, the facts related and relied upon by the defendant as a reason for his persistent refusal to make the transfer in question, did not constitute a sufficient or any defense to the complaint. It was not claimed that the corporation had any interest in or charge against the stock sought to be transferred; nor was it pleaded or shown in evidence upon behalf of the defendant that he had been notified by any person claiming an interest in the stock adversely to the plaintiff not to make the transfer. In brief, the defendant's defense is merely that he, in his official capacity as secretary of the corporation and entirely upon his own initiative, undertook to determine, solely from his personal knowledge of the dealings between plaintiff and Joseph Nesbitt, who was the rightful owner of the stock. This he did under the peril of the penalty imposed by the statute. The formalities prescribed by law for the assignment and transfer of the stock in question admittedly had been complied with. The performance of the duty demanded of the defendant was not delayed by a notice and claim of adverse interest from any person, nor was the performance of such duty prevented by the institution of legal proceedings. Under the circumstances the stand taken by the defendant was not consistent with nor responsive to any duty which he owed to the corporation or to himself; and this is so regardless of what may have been his personal opinion of the legal or equitable rights of Joseph Nesbitt to the stock in question. (*State* v. *McIver*, 2 S. C. (2 Rich.) 25.)

It is insisted upon this appeal, and for the first time, as a justification for the defendant's refusal to make the transfer in question, that the demand therefor was so uncertain, indefinite and ambiguous that it failed to identify the particular stock sought to be transferred. This contention is disposed of by the admission made in the defendant's answer to the effect that the plaintiff, at the time and in the manner

alleged in the complaint, presented to the defendant the certificate representing the particular stock in controversy, and requested a transfer thereof upon the books of the corporation.

The contention, also made for the first time upon this appeal, that the assignment of the stock to the plaintiff as written was technically defective, cannot now be availed of as a justification for the defendant's refusal to make the requested transfer. It is a fact admitted by the pleadings and established by the proof in the case that the defendant placed his refusal to perform the duty demanded of him solely upon the ground that the plaintiff was not the real owner of the stock. The defect complained of in the assignment of the stock was one which might have been readily rectified, and doubtless would have been remedied, if it had been interposed as a reason for the defendant's refusal to make the transfer. The defendant, having in the first instance limited the ground of his refusal to a certain specified objection, he will not now be heard to say that such refusal was also grounded upon technical objections undisclosed to plaintiff, relating to the mere formalities of the assignment. (2 Cook on Corporations, sec. 383.)

The defendant, as a witness in his own behalf, was in effect asked what, if any, information he had, derived from the minute book of the corporation, which tended to notify him that the stock in question was not the property of the plaintiff. To this question an objection was made and sustained upon the ground that the minute book itself contained the best evidence of the fact sought to be elicited by the question. Thereupon the defendant offered in evidence the minutes of the corporation "which recite a meeting of the directors of July 21, 1909, and refer to a purchase by Joseph Nesbitt of all of the stock of the Western Heavy Hardware and Iron Company belonging to George A. Griffith, Rudolph Spangenberg, and Joseph Mercer by written contract." The offered evidence was objected to and rejected upon the ground that it was immaterial and irrelevant. These rulings are assigned as error.

Obviously the first objection referred to was well taken and properly sustained.

With reference to the second objection and ruling complained of, it will suffice to say that it does not appear from the offer of proof as made what was the exact nature and extent of the reference made in the minutes of the corporation to the purchase by Joseph Nesbitt of the plaintiff's stock, and as the minute entry itself was not identified and made a part of the record upon appeal we are unable to determine whether or not the lower court erred in its ruling rejecting the offer. Error must be affirmatively shown; and in the absence of such showing the presumption prevails that the ruling complained of was correct. (*Marshall* v. *Hancock,* 80 Cal. 82, [22 Pac. 61]; *Barrell* v. *Lakeview Land Co.,* 122 Cal. 129, 133, [54 Pac. 594].)

Incidentally complaint is made of certain rulings of the trial court whereby, upon the objection of plaintiff, the defendant was refused the right to show by parol proof not only an alleged agreed contemporaneous modification of the original contract between the plaintiff and Joseph Nesbitt, but also the details of the negotiations of the parties leading up to and culminating in the completed contract as expressed in writing.

There was no error in the rulings referred to. The agreements of the parties to a written contract are presumed to be merged therein, and evidence of unexecuted prior or contemporaneous inconsistent agreements is as a general rule inadmissible. True this general rule is subject to the exception that a stranger to the written contract is not bound by the recitals therein, and may show by parol proof the actual facts of the transaction which may have a bearing upon his interest arising out of rights existing independent of the contract. This exception to the general rule, however, cannot be invoked in aid of the defense pleaded and relied upon by the defendant in the present action. It was not claimed that the defendant had any interest in the stock in question, nor that the contract in question concerned, collaterally or otherwise, the individual interests of the defendant. It was not competent, therefore, for the defendant to prove the prior negotiations of the parties to the contract for the purpose merely of bolstering up defendant's understanding of the legal effect of the contract; and insofar as any modification of the contract itself was concerned, manifestly the defend-

ant in this action should not be permitted to show that which the parties to the contract would not have been permitted to prove in action directly upon the contract.

In the briefs of counsel for the defendant the doctrine of estoppel is invoked and attempted to be applied in support of the defendant's defense. Manifestly such doctrine has no possible application to the issues raised by the pleadings and upon which the case was tried and determined. Whether or not the plaintiff had by deceit and fraudulent concealment deluded Joseph Nesbitt into the belief that he had purchased prior to the requested registry plaintiff's entire existing interest in the stock of the corporation was no concern of the defendant. Such question might have been properly litigated in appropriate proceedings between Joseph Nesbitt and the plaintiff for the recovery of the stock in controversy, but obviously it was not an issue and could not properly have been made an issue in the present case.

This disposes of all the points made upon this appeal.

The judgment and order appealed from are affirmed.

Hall, J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 11, 1913, and a petition to have the cause heard in the supreme court after judgment in the district court of appeal, was denied by the supreme court on August 9, 1913.