CHICAGO—FIRST DISTRICT—MARCH, 1918.    601

The People v. Elgin Motor Car Corp. et al., 209 Ill. App. 601.

The People of the State of Illinois ex rel. Harry B. Staver, Appellant, v. Elgin Motor Car Corporation and Olga Alvin, Appellee.

Gen. No. 23,145.

1. CORPORATIONS, § 156*—*when assignor of stock is proper party to proceedings against corporation to compel transfer of shares on books.* On a petition for a writ of mandamus to compel a corporation to transfer on its books shares of stock standing in the name of a third person, where such third person, who is also made a defendant, files pleas alleging want, failure and illegality of consideration for the alleged assignment of the stock by her to the petitioner, the legality of the assignment is in issue, the determination of which issue governs the rights of the respective claimants, and the claim of such third person involves an interest in the subject-matter of the suit and makes her a proper and necessary party within the meaning of Rev. St. ch. 87, sec. 7 (J. & A. ¶ 7336).

2. MANDAMUS, § 6*—*what petitioner must show.* To entitle a petitioner to a writ of mandamus, he must show a clear right thereto.

3. CORPORATIONS, § 156*—*when justified in refusing to transfer stock on books and issue new certificate.* A corporation is justified in refusing to transfer stock on its books and issue a new certificate where the person in whose name it stands sets up a conflicting claim thereto and that there was want, failure and illegality of consideration for the assignment by her, and in such a case a writ of mandamus to compel the transfer should not be granted.

Appeal from the Superior Court of Cook county; the Hon. JOSEPH SABATH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed March 12, 1918. *Certiorari* denied by Supreme Court (making opinion final).

BULKLEY, MORE & TALLMADGE, for appellant.

O'SHAUGHNESSY & O'SHAUGHNESSY, for appellee Elgin Motor Car Corporation.

THOMAS F. DONOVAN and KRAUS, HOLDEN & LAWLESS, for appellee Olga Alvin.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mr. Justice McDonald delivered the opinion of the court.

By this appeal it is sought to reverse the action of the court in dismissing a petition for a writ of mandamus.

The petition recited that the Elgin Motor Car Corporation, one of the defendants below, was organized and existing under and by virtue of the laws of the State of Delaware; that its principal place of business was in Cook county, Illinois, etc.; that its capital stock was transferable only on the books of the corporation by the holders thereof in person or by attorney upon the surrender of the certificate therefor, properly indorsed.

It recited further that practically all of defendant's business was transacted in Cook county, Illinois; that its stock book was kept there, and that the officers whose duty it was to make the stock transfers and sign the certificates resided in said county; that the said corporation was, to all intents and purposes, an Illinois corporation.

The petition further averred that on the 2nd day of June, 1916, Olga Alvin was the owner of 500 shares of the capital stock of the defendant, fully paid and nonassessable, the same being evidenced by one certificate issued to the said Olga Alvin by the defendant in accordance with its by-laws; that on said date the said Olga Alvin, for good and valuable consideration, assigned, transferred and delivered the said certificate, duly indorsed, to the petitioner, together with the assignment thereof and a power of attorney appearing on the back of said certificate, thereby assigning said shares to the petitioner and irrevocably constituting and appointing him attorney in fact for the purpose of transferring said shares to him upon the books of defendant; that the petitioner tendered to the defendant the said certificate assigned to him as aforesaid, and then and there demanded that the said

defendant transfer the said stock on its books and issue to him a new certificate for the said 500 shares; that the defendant refused to allow said transfer of said shares, or to issue a new certificate to the petitioner.

The petition prayed that a writ of mandamus issue against the said defendant, commanding it forthwith to transfer on its books the said capital stock then standing in the name of the said Olga Alvin.

The answer filed by the said defendant, the Elgin Motor Car Corporation, admitted that at the time in question the said capital stock stood in the name of the said Olga Alvin on its books; that the petitioner had tendered the said stock certificate duly assigned and demanded a transfer thereof on its books and a new certificate for said 500 shares in the name of the petitioner, and that it had refused to comply with his demand; that it had been served with notice by the said Olga Alvin not to transfer said stock to the petitioner, as she claimed to be the legal owner thereof. It recited further that the said defendant had no interest in the matter and that its refusal to comply with petitioner's aforesaid demand was based upon its receipt of the notice from the said Olga Alvin not to do so.

The said Olga Alvin, who was also made a party defendant, filed certain pleas alleging want, failure and illegality of consideration for the alleged assignment of the said stock by her to the petitioner.

To the answer filed by the defendant, the Elgin Motor Car Corporation, and the pleas interposed by the defendant, Olga Alvin, the petitioner demurred, but the court overruled said demurrers. The petitioner thereupon obtained leave to reply to the defendant company's answer, and elected to stand by his demurrers to the pleas of defendant, Olga Alvin. Afterwards, upon motion of both defendants, the court dismissed the petition. Prior thereto, a motion

was entered by the petitioner seeking the dismissal of defendant, Olga Alvin, out of the case, which was denied by the court; and the action of the court in so doing is assigned as error.

Section 7 of the Mandamus Act, ch. 87, Rev. St. Ill. (J. & A. ¶ 7336), provides as follows:

"If after the filing of any such petition, any person other than the original defendant shall appear to the court to have or claim any right or interest in the subject-matter, such person may be made a defendant, and may be summoned, and appear and plead, answer and demur in the same manner as if he had been made defendant to the original petition."

The averments of the three special pleas filed by Olga Alvin, if true, constituted a defense at law and were sufficient to invalidate the assignment of the said stock to the petitioner. The legality of the assignment having been thus put in issue, and the rights of the claimants of this stock being governed by the determination of that issue, it follows that the claim of Olga Alvin involved an interest in the subject-matter of the suit and that she was a proper and necessary party to the proceeding, within the meaning of the statute. *People v. O'Connell*, 252 Ill. 304.

The next question presented is, whether or not a corporation or its officers can be compelled to make a transfer of stock on its books to the assignee thereof, where disputed claims of ownership have arisen. It is a well-established and familiar rule that to entitle a party to the writ, he must show a clear legal right thereto. In the instant case, defendant's refusal to transfer this stock on its books and to issue a new stock certificate to the petitioner was based upon the fact that it had been duly served with notice by the defendant, Olga Alvin, that she claimed to be the owner of the said stock.

In *Spangenberg v. Nesbitt*, 22 Cal. App. 274, 134 Pac. 343, a similar question arose, under a somewhat

analogous state of facts, and the court, in disposing of it, laid down the following rule, p. 345:

"Generally speaking, the officers of a corporation may rightfully refuse, for the time being, a requested registry of stock, when notified to do so by a third person, who claims some interest in the stock, which might be lost or injuriously affected by the transfer * * *; and, in the presence of such conflicting claims, it is the privilege and the duty of the corporation or its officers, if there be a reasonable doubt as to the respective rights of the contending claimants, to refuse, or rather delay, registry to either party until the lapse of a reasonable time, within which the merits of the controversy may be determined by an independent investigation of the corporation, or, if necessary, by the institution of appropriate proceedings in the courts. The law, however, does not require or permit the officers of a corporation to assume the functions of a court of justice, and by their decision forever conclude the rights of the contending claimants."

To the same effect is the case of *Mundt v. Commercial Nat. Bank of Ogden,* 35 Utah 90, 99 Pac. 454.

So in the case at bar defendant was not obliged to act at its peril and determine the conflicting claims arising as to the ownership of the said stock, but under the circumstances was justified in refusing a transfer thereof.

Our conclusion is that the said Olga Alvin was a necessary party to the proceeding and that the court properly overruled the petitioner's motion to dismiss her as such; that the petitioner has failed to bring himself within the rule entitling him to the writ of mandamus, and that hence his petition was properly dismissed. Accordingly the judgment will be affirmed.

*Affirmed.*