**The People of the State of Illinois ex rel. V. E. Meeker, Appellee, v. City of Casey et al., Appellants.**

**Gen. No. 7,897.**

1. MANDAMUS—*parties.* It is proper practice in mandamus proceedings to join as parties all persons whose cooperation is re-

quired to secure the legal rights for the attainment of which the proceedings are instituted.

2. MANDAMUS—*propriety of petition asking direction of writ against city and its mayor by name.* A petition for a writ of mandamus to compel the removal of obstructions to a city street was not erroneous because asking that the writ be directed to the city and its mayor, by name, although it was possible that the mayor might not be in office when the writ issued.

3. MANDAMUS—*sufficiency of evidence to designate location of street from which removal of obstructions sought.* Evidence in proceedings to secure mandamus to compel a city and its officers to remove certain obstructions from a public street held sufficiently to designate the location of the street in question.

4. MANDAMUS—*propriety of writ directing city officials to cause removal of obstructions from street.* A writ of mandamus commanding a city and its mayor and council to remove or cause to be removed certain obstructions upon a designated street held not open to the objection that it commanded the officers therein named to remove the obstruction with their own hands.

5. MANDAMUS—*propriety of remedy to secure removal of obstructions from street.* Mandamus is an appropriate remedy to compel a city to remove an obstruction upon its streets.

Appeal by defendants from the Circuit Court of Clark county; the Hon. WALTER BREWER, Judge, presiding. Heard in this court at the October term, 1925. Affirmed. Opinion filed April 15, 1926. Rehearing denied June 22, 1926.

ARTHUR POORMAN, S. M. SCHOLFIELD and H. R. SNAVELY, for appellants.

ISLEY & YELVINGTON, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

In this case, The People ex rel. V. E. Meeker filed a petition in the circuit court of Clark county, praying for a writ of mandamus against W. M. Abraham, mayor of the city of Casey, the city council of the city, Maud Roberts and Sarah A. Roberts, in order to compel the removal of a brick porch, which is attached to, and a part of a front structure of the Delite

Hotel in the city of Casey, and to cause the removal of a brick wall about two feet high at the front of a parking space used as a bumper rail for automobiles, alleged to be obstructions in a public street adjacent to the hotel. And the hotel property is alleged to be owned and maintained by Sarah A. Roberts and Maud Roberts.

There was a jury trial to determine the issues of fact involved, and at the close of the evidence the trial court directed the jury to find the issues in favor of the relator, and the jury returned a verdict accordingly. Thereupon the court ordered the writ commanding the appellants to proceed to remove, or cause the removal of, the obstructions referred to. This appeal is prosecuted from the order.

Several points are raised on appeal which question the legal propriety of the proceeding, and the validity of the order for the writ. It is urged that it was error to include Sarah A. Roberts and Maud Roberts, who are private individuals, as defendants in the petition, and parties to the suit. It is a proper practice in mandamus proceedings to include all persons as parties whose cooperation is required to secure the legal rights for the attainment of which the proceedings are instituted. *Board of County Com'rs of Labeth Co., Kansas v. Moulton,* 112 U. S. 223; *Farnsworth v. Boston,* 121 Mass. 173; *Attorney General v. Boston,* 123 Mass. 460; *The King v. Mayor,* 8 Mod. 111; *The King v. Mayor,* 1 Ld. Raym. 559. It is apparent from the provision in section 7 of the Mandamus Act [Cahill's St. ch. 87, ¶ 7] that all persons who shall appear to have or claim to have any right or interest in the subject matter involved in the proceedings should be made parties defendant, and summoned in the cause. *People ex rel. Staver v. Elgin Motor Car Corp.,* 209 Ill. App. 601. Appellants also contend that the writ should not have named Mayor W. M. Abraham, "inasmuch as he might not be mayor

when the writ should be executed." This point is covered by the case of *People ex rel. German Ins. Co. of Freeport v. Getzendaner,* 137 Ill. 234. It was there pointed out that this contention "loses sight of the controlling fact, here, that the duty to pay is that of the town, as a corporate body, and not of individuals, although that duty can only be discharged through the acts of individuals. The failure to pay is that of the corporate body, and it is because of that failure only, and to compel the performance of the corporate duty in that respect, that a mandamus will be awarded. Were a like duty required to be performed by a natural person instead of by an artificial person, under such circumstances that mandamus would lie, no one would suppose it necessary to prosecute a separate suit to enforce the performance of each distinct step necessary in the collection and paying over of the money; and yet there can, in theory, be no difference between a natural and an artificial person, in this respect. The different officers appointed by law as the agencies and instrumentalities through which corporate action shall be taken, are to the corporate body, but as members of the natural person, through which he or she can alone act, are to that person; and in either case, to coerce action of the parts it is only necessary to inquire, is there a right to coerce action of the person, either natural or artificial, the person being responsible for the failure to act. It would, therefore, in the present case, doubtless, have been sufficient to have filed the petition against the town, without naming individuals, to have obtained a peremptory mandamus to each of the agencies and instrumentalities through which it must act to make payment of the claim due the relator; but it was competent to make the individuals whose duty it is to act, parties, as was here done. (*Village of Glencoe v. The People,* 78 Ill. 386; *Sheaff v. The People,* 87 Ill. 189). But it is, obviously, in either event, the action

of a corporate body, and not the action of natural persons, as such, merely, that is to be enforced.''

It is further insisted that the evidence in this case is clearly insufficient in locating the street. But the proofs in the record leave no doubt about the fact that the obstructions which the writ requires to be removed are in East Main Street, a public street running along the front of the hotel in question. Counsel for appellants appear to be under the impression that the writ ordered will require the members of the city council to remove the obstruction with their own hands. This however is not the purpose of the writ, but only to coerce action on the part of the officials of the city, the mayor and the members of the city council, in obedience to the writ, within the line of duty, to effectuate the removal of the encroachments and obstructions referred to. By the tenth paragraph of section 1, article 5, chapter 24, Cahill's Illinois Revised Statutes, it is distinctly pointed out as one of the duties of the City Council, ''to prevent and remove encroachments or obstructions'' upon public streets.

Appellants also contend that mandamus is not the proper remedy legally available to the relator to effectuate the purpose of the proceeding. All the questions raised concerning the legal propriety of resorting to mandamus as a remedy for the removal of obstructions and encroachments upon public streets, are answered and settled contrary to appellants' contention in *People ex rel. Burton v. Corn Products Ref. Co.*, 286 Ill. 226.

The judgment and order is therefore affirmed.

*Affirmed.*