HOLYOKE, Appellant, vs. MILLMANN, Respondent.

*December 10, 1912—January 7, 1913.*

*Corporations: Sale and transfer of stock: Duty of secretary as to transfer on books.*

1. It is not the duty of the secretary of a corporation, and he may properly refuse, to transfer stock on the books of the corporation when there is a *bona fide* claim on the part of the corporation that the person seeking to have the transfer made is not and never was a stockholder, and especially when it seems reasonably certain that the corporation is right in such contention.

2. It was not the purpose of the legislature in enacting sec. 1752, Stats. (1898), to permit the secretary of a corporation to disturb the *status quo* while a contest was pending or was being carried on by rival claimants for stock.

3. One who had at best an executory contract with a corporation for the purchase of stock therein, attempted to assign to another the right to purchase a part of such stock. In form he attempted to assign the stock itself, but in fact he never owned it. The assignee was apparently obnoxious to the corporation, and it never accepted him as a stockholder. *Held*, that the secretary properly refused to make a transfer on the books of the stock so attempted to be assigned.

4. Primarily a corporation, when it offers its stock for sale, has the right to select the purchasers.

APPEAL from an order of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

On April 10, 1910, the petitioner filed an affidavit in circuit court for Milwaukee county under the provisions of sec. 1752, Stats. (1898), and procured from said court an order directed to *Joseph C. Millmann,* secretary of the Stegeman Motor Car Company, to show cause why he should not be required to transfer certain stock on the books of the corporation.

The petition alleged that one John W. Mapel purchased and paid for forty shares of the capital stock of the Stegeman Motor Car Company; that thereafter said company delivered to Mapel certificates for twenty-five shares of the stock, but

refused to issue certificates for the remaining fifteen shares; that Mapel, for a valuable consideration, assigned fifteen shares of said stock to the petitioner, and that petitioner delivered to *Joseph C. Millmann,* as secretary of said company, the original written assignment of said shares of stock and requested that such transfer be made.

In his answer respondent alleged that the Stegeman Motor Car Company agreed to sell forty shares of stock to John W. Mapel, and that on March 28, 1912, said company received a letter from Mapel containing three checks, namely, that of John W. Mapel for $1,500, check of John J. Mapel for $1,000, and check of *S. A. Holyoke,* the petitioner, for $1,500, with instructions that fifteen shares of the stock be issued to John W. Mapel, ten to John J. Mapel, and fifteen to *S. A. Holyoke;* that stock certificates as requested were issued to John W. Mapel and John J. Mapel, and the check of *S. A. Holyoke* was returned to John W. Mapel, and he was informed that neither the respondent nor any officer of the corporation had authorized the issue of any stock to *S. A. Holyoke.* The answer further alleged that the assignment referred to was of no force or effect, for the reason that the assignor named therein was not at the time of the execution thereof nor at any other time the owner and holder of a certificate of fifteen shares of such capital stock purported to be assigned thereby, nor was the said John W. Mapel entitled to have the same issued to him, for the reason that he had not paid therefor, and for the further reason that there was no agreement between Mapel and the said company for the purchase of the stock; and further, that petitioner did not present to respondent as secretary of the above named company a certificate for such shares of stock properly indorsed by John W. Mapel, as required.

A hearing was had on the order to show cause and testimony was introduced. The application of the petitioner was

denied, and from the order denying such application this appeal is taken.

For the appellant there was a brief by *Stover & Stover,* and oral argument by *John B. Stover.*

*Charles F. Millmann,* for the respondent.

BARNES, J.   The secretary of a corporation performs a ministerial duty in transferring stock by virtue of the provisions of sec. 1752, Stats. (1898). · *In re Klaus,* 67 Wis. 401, 29 N. W. 582.   He is not a trier of controversies that should be settled in the courts.   He is required by the statute to make a transfer only when "it is his duty" to do so.   It is not his duty to make the transfer when there is a *bona fide* claim on the part of the corporation that the person seeking to have the transfer made is not and never was a stockholder. Much less is it his duty to make the transfer when it seems reasonably certain that the corporation is correct in its contention.   It was not the purpose of the legislature in enacting sec. 1752 to permit the secretary of a corporation to disturb the *status quo* while a contest was pending or was being carried on by rival claimants for stock.   The courts were left free to deal with the subject of the controversy *pendente lite,* as well as to make final disposition of it.   It is hardly necessary to cite authorities to show that the courts are the proper tribunals in which to settle questions of title to corporate stocks.

To say that the corporation had substantial grounds for insisting that the petitioner was not one of its stockholders is putting it mildly.   The question whether the contract to purchase the stock was void under the statute of frauds was involved.   If it was found that the contract was void, the question whether there had been sufficient part performance to avoid the statute became material.   Primarily a corporation, when it offers its stock for sale, has the right to select the

purchasers. It may sell to one man and refuse to sell to another. Generally it desires to interest men of means and of good reputation and shuns crooks and cranks. Certain stockholders may be a decided advantage in a business way while others may not be. Undesirable stockholders may be and frequently are as troublesome as undesirable partners, and harder to get rid of. *Katz v. De Wolf, ante,* p. 337, 138 N. W. 1013. Mapel, at best, had but an executory contract for the purchase of stock to the amount of $4,000. As a matter of fact he never purchased that amount. What he attempted to do in reality was to assign to the petitioner his right to purchase $1,500 of the stock covered by the alleged agreement. It is true that in form he attempted to assign the stock itself, but he never owned it. The minds of the parties never met on accepting *Holyoke* as a stockholder and he never was accepted. Unless Mapel had a right to foist an apparently obnoxious stockholder on the corporation by transferring an interest in his executory agreement to buy stock, no rights were acquired by *Holyoke*. On this point attention is called to *Johnson v. Vickers,* 139 Wis. 145, 120 N. W. 837; 3 Page, Contracts, sec. 1262; and 4 Cyc. 22. Enough has been said to show that the case was one where the secretary very properly refused to make a transfer of the stock. The corporation was entitled to its day in court to show if it could that it was within its rights when it refused to accept petitioner as a stockholder.

*By the Court.*—Order affirmed.