CORN EXCHANGE NATIONAL BANK, Respondent, vs. KAISER and another, Appellants.

*February 10—March 2, 1915.*

*Corporations: Stock: Compelling transfer on books: Pledge: National banks.*

1. In transferring stock under sec. 1752, Stats., the secretary of a corporation performs merely a ministerial duty. He does not try or decide the question of ownership, and should not be ordered to make the transfer when a *bona fide* contest between rival claimants is already in the courts or about to be brought there.

2. A transfer was properly ordered under said sec. 1752 where the petitioner had possession of the former certificates duly assigned, and the other claimants, though duly notified, failed to appear at the hearing or assert ownership.

3. An order for transfer of stock under sec. 1752, Stats., does not determine the question of title.

4. A national bank, though not authorized to deal in stocks, may lawfully take corporate stock as collateral security upon loans made by it, and hence may become possessed of all the rights of ownership.

APPEAL from an order of the circuit court for Eau Claire county: JAMES WICKHAM, Circuit Judge.  *Affirmed.*

This is an appeal from an order made pursuant to sec. 1752, Stats., ordering the appellant *W. A. Kaiser,* as secretary of the *John H. Kaiser Lumber Company,* to transfer upon the books of the company 100 shares of the preferred stock of the company from the South Muscatine Lumber Company to the *Corn Exchange National Bank.*

It appeared by the affidavits on which the application was based that, immediately prior to the making of the application, the applicant presented to the appellant *Kaiser,* secretary of the *John H. Kaiser Lumber Company,* two certificates covering said 100 shares of stock originally issued to the South Muscatine Lumber Company, with duly executed assignments thereof transferring the same in blank, and demanded that the stock be transferred upon the books, but that the said *Kaiser* refused to make such transfer.  Upon the return day of the order to show cause, issued on said affidavits, the said *Kaiser* filed his own affidavit showing that there had been served on him notices by creditors of the South Muscatine Lumber Company forbidding him to transfer the stock, on the ground that the attempted transfer thereof from the South Muscatine Lumber Company to the bank was unlawful and was made without authority of said lumber company for the purported purpose of securing an indebtedness of one John H. Kaiser, president of the South Muscatine Lumber Company; also showing that the assignees of the South Muscatine Lumber Company (which company appears to be in the hands of assignees by virtue of a voluntary assignment filed in the district court of Muscatine county, Iowa) had served notices on him forbidding the transfer of said stock; also showing that the creditors of said lumber company had filed objection in the district court of Iowa aforesaid to the claim of the bank, challenging the legality of the transfer to the bank of the said certificates of stock.  Thereupon the court of its own motion adjourned

the hearing of the matter for ten days and ordered written no-
tice to be sent by mail to the assignees aforesaid, requiring
them to show cause on the adjourned day why the application
should not be granted. Notices were mailed as ordered, but
no appearance was made by the assignees on the adjourned
day. On that day, however, additional affidavits were filed
on behalf of the applicant by the vice-president of the bank
tending to show the course of business between the bank and
the South Muscatine Lumber Company, and that the said
stock was pledged by the company as collateral security for a
continuing line of credit extended by the bank to the com-
pany, on which there was owing at the time of the application
the sum of $40,000 and interest represented by the negotiable
note of the company. On behalf of the appellants an affidavit
was also filed by John H. Kaiser, president of the South Mus-
catine Lumber Company, to the effect that in May, 1912, the
company was indebted to the bank in the sum of $50,000, and
delivered to the bank as collateral security therefor the certifi-
cates of stock in question with a written assignment thereof to
the bank, that said indebtedness was fully paid in the follow-
ing August, and that no written agreement was ever thereafter
made that the bank should continue to hold said stock for any
other debt than that which had been thus paid and discharged,
and that no further assignment was ever considered or men-
tioned. On this showing the court ordered *W. A. Kaiser,* as
secretary, to transfer the stock on the books of the corporation
to the bank as pledgee, and the secretary and the *John H.
Kaiser Lumber Company* appeal.

For the appellants the cause was submitted on briefs by
*Sturdevant & Farr.* To the point that a pledgee is not en-
titled to a surrender of the certificates of stock and to new
ones in his name when it is not so provided in the contract,
they cited *Spreckels v. Nevada Bank,* 113 Cal. 272, 45 Pac.
329, 54 Am. St. Rep. 348.

For the respondent there was a brief by *Bundy & Wilcox,*

and oral argument by *C. T. Bundy*. They argued, among other things, that it is well settled that one holding certificates of capital stock which have been assigned to it as pledgee has the right to have such stock registered in his own name on the corporate books. *Skinner v. Ft. W., T. & S. W. R. Co.* 58 Fed. 55; *Skiff v. Stoddard*, 63 Conn. 198, 26 Atl. 874, 28 Atl. 104; *Hubbell v. Drexel & Co.* 11 Fed. 115; *Horton v. Morgan*, 19 N. Y. 170; *Union & P. Bank v. Farrington*, 13 Lea (81 Tenn.) 333; *Smith v. Traders' Nat. Bank*, 82 Tex. 368, 17 S. W. 779; *Day v. Holmes*, 103 Mass. 306; *Fitchburg Sav. Bank v. Torrey*, 134 Mass. 239; *Fay v. Gray*, 124 Mass. 500; *First Nat. Bank v. Park*, 117 Iowa, 552, 91 N. W. 826; *Davis v. Hardwick*, 43 Tex. Civ. App. 71, 94 S. W. 359; *Wadlinger v. First Nat. Bank*, 209 Pa. St. 197, 58 Atl. 359.

Winslow, C. J.    In this case it is held:

1. In transferring stock under sec. 1752, Stats., the secretary of a corporation is performing merely a ministerial duty. He does not try or decide the question of ownership, and should not be ordered to make the transfer when a *bona fide* contest exists between rival claimants for the stock, which contest is already in the courts or about to be brought there. *Holyoke v. Millmann*, 151 Wis. 551, 139 N. W. 392.

2. In the present case, it appearing that the petitioner has possession of the former certificates duly assigned, and that the assignees of the South Muscatine Lumber Company (although notified of the claim made by the petitioner and of the time of hearing) failed to make their appearance at the hearing or assert ownership, the circuit judge rightly ordered the secretary to make the transfer.

3. The order does not settle the question of title, if there be any such question. That may be settled in a proper action in the courts notwithstanding the transfer.

4. While a national bank is not authorized to deal in stocks

(*First Nat. Bank v. Nat. Exch. Bank,* 92 U. S. 122), it may make loans and take corporate stock as collateral security therefor (*Nat. Bank v. Case,* 99 U. S. 628). This is incidental to the power to loan money on personal security, and when done in the usual course of business is entirely legitimate. *California Bank v. Kennedy,* 167 U. S. 362, 17 Sup. Ct. 781. If a bank may lawfully take stock as collateral security, it must of course become possessed of all the rights of ownership.

*By the Court.*—Order affirmed.

