ATTORNEY GENERAL EX REL. BLIED and others, Petitioners, vs. LEVITAN, State Treasurer, Respondent.

*April 7—April 13, 1928.*

*Schools: State Annuity Board: State treasurer as custodian of funds and securities: Power of board to realize on defaulted securities: Deposit with creditors' committee.*

1. Under sec. 42.24, Stats., the state treasurer is merely the custodian of the funds and securities belonging to the State Retirement System, is charged with no responsibility concerning their investment or management, and can incur no liability in making disposition thereof as directed by the Annuity Board; his duty being to safely keep such securities while in his custody. p. 563.

2. Under sec. 42.32, Stats., providing that the Annuity Board shall receive, hold, invest, and pay out according to law all deposits by members and by the state and all accretions thereto and other moneys belonging to the several funds, such board may direct that bonds held by the Retirement System be deposited with bondholders' protective committees or with the trustees thereof in liquidating the insolvent institutions issuing such bonds. p. 564.

3. In view of the fact that the Annuity Board, under said sec. 42.32, has a duty to realize on securities owned by the system issued by institutions which have become insolvent, any limitations on the methods which the board in the exercise of sound business judgment may employ to such end should not be read into the law. p. 565.

ORIGINAL ACTION for a peremptory writ of *mandamus* directed to the state treasurer. *Writ issued.*

The attorney general, upon relation of the Annuity Board, created by the Teachers Retirement Act, brought this action for a peremptory writ of *mandamus,* directing the state treasurer to make disposition of certain securities in accordance with the order of the Annuity Board. The judgment prayed for is granted.

*H. A. Minahan,* deputy attorney general, and *F. E. Bump,* assistant attorney general, for the petitioners.

A brief of the Annuity Board as *amicus curiæ,* by *H. J. Mortensen* of New Lisbon, a member of the Board, was filed, and oral argument by *Mr. Mortensen.*

A brief as *amicus curiæ* was also filed by *Lines, Spooner & Quarles,* and oral argument by *Malcolm K. Whyte,* all of Milwaukee.

OWEN, J.   The Annuity Board, pursuant to its powers and duties, during the years 1923–25 invested funds of the State Retirement System in bonds of the Bankers Joint Stock Land Bank of Milwaukee and also in bonds of the First Wisconsin Land Mortgage Association of Eau Claire. Both of said institutions have become insolvent and are in course of liquidation; the affairs of the First Wisconsin Land Mortgage Association of Eau Claire having been taken over by the Commissioner of Banking, and the Bankers Joint Stock Land Bank of Milwaukee by a receiver appointed by the Federal Farm Loan Bureau, under the provisions of the federal law. Bondholders protective committees have been appointed and duly qualified and are acting for the holders of the bonds of each, and the bondholders have been requested to deposit the bonds held by them with said committees or the trustees of said committees, and the said Annuity Board, deeming it for the best interests of the State Retirement System to deposit said bonds held by it, as aforesaid, with the said committees or their trustees, under properly existing trust agreements for the protection of their

interests as such bondholders, in writing directed the state treasurer, as the treasurer of said Annuity Board, to turn over said bonds to designated persons and banks for the purpose of effectuating such deposit with said committees and the trustees thereof, which the state treasurer declined to do. In his return to the alternative writ the state treasurer fails to give any definite reason for his refusal; but because the amount involved is large, and because of his uncertainty concerning the power of the Annuity Board to make such disposition of the bonds, he feels that as a matter of business caution he should be protected in complying with the directions of the Annuity Board by an order of this court.

Sec. 42.24, Stats., provides that "The state treasurer shall be *ex officio* treasurer of the Annuity Board and of the State Retirement System, and shall give an additional bond in such amount and with such corporate sureties as shall be required and approved by the Annuity Board, the cost of which shall be borne by the state." This is all we find in the State Retirement Law relating to the duties of the state treasurer with reference to funds belonging to the State Retirement System. This provision of law does no more than make the state treasurer the mere custodian of the funds and securities belonging to the State Retirement System. He is merely the treasurer of the Annuity Board. He is charged with no responsibility concerning the investment or management of the funds and securities belonging to the State Retirement System. Being merely the custodian of these funds and securities, the management of which is vested exclusively and comprehensively in the Annuity Board, he can incur no liability in making such disposition of the funds and securities deposited with him as may be directed by the Annuity Board. His duty is to safely keep such securities while in his custody, and there his duty ends.

These considerations are sufficient to indicate that the state treasurer could incur no liability or obligation by complying

with the order of the Annuity Board in the instances here presented. However, in view of the fact that the court should hesitate to command the state treasurer to comply with the direction of the Annuity Board if it appeared that the Annuity Board in making the order was plainly exceeding its powers, we shall give brief consideration to that question.

Sec. 42.32 provides that "The Annuity Board shall receive, hold, invest and pay out according to law, all deposits by the members and by the state and all accretions thereto and other moneys belonging to the several funds." The original investments made by the Annuity Board in these bonds were authorized by law. The question now confronting the Annuity Board is not a matter of investments. It is a matter of realizing upon the investments lawfully made. No statute in express terms confers this duty upon the Annuity Board, but that such power and duty follows as an incident to the power and duty expressly conferred on the board to "receive, hold, invest and pay out according to law . . . moneys belonging to the several funds," cannot be doubted. No doubt that duty can be performed by filing their claims with the respective receivers or liquidating officers. This is the usual course of legal procedure. The inflexible powers of receivers, however, often lead to great sacrifice of the bankrupt estate. Because of this fact, business genius has invented the bondholders' protective associations or committees for the protection of the interests of the bondholders, which contemplates the acquiring of the bankrupt estate by the bondholders through the receivership proceedings and a more flexible administration of the estate when so acquired by those who really own it for their benefit. If in the exercise of good business judgment the Annuity Board feels that the best interests of the Retirement Fund will be promoted by joining with the other bondholders for the purpose of protecting the bankrupt estate, we can find no obstacle in the law to such action on their part. It would seem that this

fund should enjoy the benefit of the same business manage-
ment that private owners are privileged to accord their indi-
vidual affairs.

Having arrived at the conclusion that it is the duty of the
Annuity Board to realize upon these securities, we should
not read into the law any limitations upon the methods which
the board in the exercise of sound business judgment may
employ to that end. *Farmers' & Millers' Bank v. Detroit &
M. R. Co.* 17 Wis. *372, p. 383; *Security Nat. Bank v. St.
Croix Power Co.* 117 Wis. 211, 94 N. W. 74; *Emigh v.
Earling,* 134 Wis. 565, 115 N. W. 128; *Corn Exchange Nat.
Bank v. Kaiser,* 160 Wis. 199, 151 N. W. 259, would seem
to support this conclusion. It should be understood that
we are merely passing upon the power of the Annuity Board.
We are not approving or disapproving of the manner in
which the board is proceeding in the exercise of this power
in the instant case. The responsibility in such respect is
with the board, and the board alone. We do no more than
to hold that it is within the power of the board to proceed
in the manner proposed.

*By the Court.*—A peremptory writ of *mandamus* will is-
sue as prayed for in the petition.